UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:25-mc-17 |
| Plaintiff, | : | |
| | : | Judge |
| v. | : | |
| | : | |
| THE KROGER COMPANY, | : | |
| | : | |
| Defendant. | : | |

**PETITION OF THE UNITED STATES OF AMERICA FOR**
**SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 22-522**

Pursuant to the False Claims Act (FCA), 31 U.S.C. § 3733(j), the United States respectfully petitions this Court for an Order directing The Kroger Company ("Kroger") to comply with a Department of Justice administrative subpoena, Civil Investigative Demand ("CID") 22-522, seeking documents and interrogatory answers. The United States issued CID 22-522 on June 27, 2022. Kroger has partially complied with CID 22-522, but included in the document productions were hundreds of non-privileged documents that redact protected health information ("PHI"), including patient names and other identifying information, which is important to the United States' investigation. The Department of Justice may obtain patient information in its role as a health oversight agency, and there is no legal basis for Kroger to withhold such information. Nevertheless, Kroger has refused the United States' repeated requests for unredacted disclosure and has taken the position that it generally declines to produce PHI absent a court order.

Kroger has not petitioned to modify or set aside CID 22-522 or otherwise interposed any valid objection to producing this information.

In support of its Petition to enforce CID 22-522, the United States states the following:

## Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 31 U.S.C. § 3733(j) and 28 U.S.C. § 1331.

2. Venue is proper under 31 U.S.C. § 3733(j).

## Parties

3. Petitioner is the United States. The United States, acting through the Department of Health and Human Services (HHS), administers the Health Insurance Program for the Aged and Disabled established by Title XVIII of the Social Security Act (SSA), 42 U.S.C. §§ 1395 *et seq.* (Medicare), and Grants to States for Medical Assistance Programs pursuant to Title XIX of the SSA, 42 U.S.C. §§ 1396 et seq. (Medicaid). The United States, acting through the Defense Health Agency (DHA), administers the TRICARE program (formerly CHAMPUS).

4. Respondent Kroger is a corporation organized under the laws of the State of Ohio with its principal place of business located at 1014 Vine Street, Cincinnati, Ohio 45202.

5. Kroger is one of the largest supermarkets and private employers in the United States, with pharmacy locations in its own grocery locations and in grocery stores operated by its various subsidiaries and affiliates.

**Issuance and Service of CID 22-522**

6. The FCA is the United States' primary litigation tool to combat fraud against the federal government, including fraud against federal healthcare programs. Pursuant to the FCA, the Department of Justice "diligently shall investigate" potential FCA violations. 31 U.S.C. § 3730(a).

7. The FCA authorizes the Department of Justice to issue administrative subpoenas known as civil investigative demands to "any person" the United States "has reason to believe . . . may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation." 31 U.S.C. § 3733(a)(1).

8. On June 27, 2022, Jamie Ann Yavelberg, Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, issued CID 22-522 . Director Yavelberg is a designee of the Attorney General under 31 U.S.C. § 3733(a)(1). *See* 28 C.F.R. Part 0, Subpt. Y App. (Exhibit 1, Declaration of Matthew Horwitz, Esq. ("Horwitz Decl."), at ¶2.)

9. On July 14, 2022, Antonio Mathews, Senior Counsel-Litigation for Kroger, accepted service of CID 22-522 by email. (Horwitz Decl., at ¶3.)

10. CID 22-522 directed Kroger to produce, under sworn certificates in the form printed in the Demand, the documents and interrogatory answers requested by CID 22-522. (Horwitz Decl., Exhibit A.)

11. As stated in CID 22-522, the United States is seeking information from Kroger in the course of an FCA investigation regarding whether "[Kroger]

3

knowingly submitted, or caused to be submitted, false claims to Medicare and other government programs for controlled substances, including opioids, that were not reasonable or necessary or which were otherwise not eligible for coverage."

12. The United States has reason to believe that Kroger is in possession, custody, control, or knowledge of information relevant to the United States' FCA investigation.

13. The documents and information sought by CID 22-522 are reasonably relevant to the United States' investigation under the FCA, and the CID is not unreasonably broad or burdensome.

### Kroger Partially Complied with CID 22-522, but Refused to Produce Unredacted, Responsive Patient Information

14. After the United States served Kroger with CID 22-522, Kroger engaged in a series of productions of documents and proffered responses and objections to interrogatories in CID 22-522.

15. Kroger's productions include de-identified drug dispensing data without patient names, as well as numerous documents, including, for example, internal communications and internal reports, for which Kroger redated non-privileged, responsive patient information.

16. On April 11, 2024, counsel for Kroger produced two separate privilege logs to the United States: (1) a privilege log which contained entries for documents produced with redactions for privileged and/or non-privileged, responsive patient information; and (2) a privilege log for documents that were withheld as fully privileged. The first privilege log includes hundreds of entries for non-privileged

4

documents that have been redacted because they contain responsive patient information. (Horwitz Decl., at ¶4.)

17. After reviewing the privilege logs, the United States confirmed that Kroger had redacted responsive patient information in the documents produced pursuant to CID 22-522.

18. The United States subsequently requested the reproduction of Kroger non-privileged documents without redactions for non-privileged responsive patient information.

19. On July 12, 2024, counsel for Kroger indicated that Kroger would not be reproducing documents with unredacted responsive patient information. Counsel for Kroger indicated that Kroger generally declines to produce any responsive patient information absent a court order requiring it to do so. Kroger's counsel indicated that its refusal to reproduce the documents was due to Kroger's alleged exposure to liability in the event of an accidental transmission or data breach. Kroger's counsel did not cite any authority substantiating its position. (Horwitz Decl., at ¶5.)

20. On July 17, 2024, the United States responded to Kroger's counsel explaining that, among other authorities, 45 C.F.R. § 164.512(d) directly permits disclosure of protected health information (PHI) to government officials acting in a health oversight capacity. The United States requested further explanation of—and the legal basis for—Kroger's position. (Horwitz Decl., at ¶6.)

21. On August 26, 2024, Counsel for Kroger reiterated by letter that Kroger would not produce unredacted patient information "absent a court order," and indicated that Kroger would not "strongly oppose" a motion by the United States regarding the production of unredacted responsive patient information. (Horwitz Decl., at ¶7.)

22. On September 3, 2024, the United States sent a letter to Kroger's counsel addressing this position and indicating that the United States would apprise Kroger if it chose to move forward with enforcement of the CID. (Horwitz Decl., at ¶8.)

23. On July 29, 2025, the United States informed Kroger's counsel that it would seek to enforce the CID absent the production of unredacted, non-privileged documents containing responsive patient information. Following that communication, Kroger has not produced (or agreed to produce) responsive patient information and, indeed, Kroger's counsel has confirmed that Kroger's position applies equally to de-identified drug dispensing data. (Horwitz Decl., at ¶9.)

**Kroger Has Failed to Comply with CID 22-522**

24. To date, Kroger has failed to produce the requested documents responsive to CID 22-522.

25. Kroger first took its position regarding the production of unredacted responsive patient information on July 12, 2024.

26. Kroger has had more than 11 months to produce unredacted responsive patient information or substantiate its position with legal authority and has not done so.

27. As of the date of this Petition, Kroger has neither complied with, nor petitioned to modify or set aside, CID 22-522.

WHEREFORE, the United States respectfully requests as follows:

1. That this Court enter an Order to Show Cause directing Kroger to show cause as to why it should not be compelled to comply with CID 22-522 by reproducing unredacted versions of the documents that contain PHI.

2. That this Court enter an Order directing Kroger to comply with CID 22-522 by producing all non-privileged documents previously withheld, de-identified, or redacted because they contained responsive patient information, including PHI or personally identifiable information (PII), within seven days or such other deadline set by the Court.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DOMINICK S. GERACE II
United States Attorney

s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (Ohio No. 0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385

7

Matthew.Horwitz@usdoj.gov

W. HUNTER WEST (Ohio No. 0093445)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2769
Hunter.West@usdoj.gov

Jamie A. Yavelberg
Natalie A. Waites
Christopher G. Wilson (Ohio No. 0092705)
Attorneys,
Civil Division, U.S. Department of Justice
P.O. Box 261
Washington, D.C. 20044
(614) 255-1630
Fax: (614) 469-2769
Christopher.G.Wilson@usdoj.gov