UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:25-mc-17 |
| | : | |
| | : | Judge |
| v. | : | |
| | : | |
| THE KROGER COMPANY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
THE UNITED STATES OF AMERICA'S PETITION FOR
<u>SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 22-522</u>**

The United States of America seeks to enforce the provision of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, that authorizes the United States to obtain documents and information "relevant to a false claims law investigation." *Id.* § 3733(a)(1). The United States may obtain such documents and information where, as here, it has reason to believe the Civil Investigative Demand ("CID") recipient has materials relevant to the United States' FCA investigation. *Id.*

The United States is investigating whether Kroger dispensed unlawful prescriptions for controlled substances, including highly addictive opioids and dangerous combinations of opioids and other controlled substances, in violation of the FCA and Controlled Substances Act. It is critical, therefore, for the United States to know and assess for whom Kroger filled such allegedly unlawful prescriptions. Information about, for example, the customer's prescriber, the customer's prior prescription history, underlying diagnosis(es), and Kroger's

awareness of such information are necessary to the United States' investigation into whether Kroger filled prescription drugs for opioids and other controlled substances, many of which were billed to federal healthcare programs, consistent with the law. The United States petitions this Court to order Kroger to produce patient information responsive to the United States' CID because, to date, Kroger has improperly redacted such information in documents produced to the government.

## BACKGROUND

The Kroger Company ("Kroger") is an Ohio corporation and one of the largest supermarkets and private employers in the United States, with pharmacy locations in its own grocery locations and in stores operated by its various subsidiaries and affiliates.

### A. Issuance and Service of CID 22-522

On June 27, 2022, the United States issued CID 22-522 pursuant to the FCA. (Declaration of Matthew Horwitz, Esq. ("Horwitz Decl."), at ¶2.) The United States served CID 22-522 on Kroger on July 14, 2022 via email to Kroger's counsel. (*Id*. at ¶3.) CID 22-522 contains 18 document requests and 12 interrogatories. As stated in CID 22-522, the United States is seeking information from Kroger in the course of an FCA investigation regarding whether "[Kroger] knowingly submitted, or caused to be submitted, false claims to Medicare and other government programs for controlled substances, including opioids, that were not reasonable or necessary or which were otherwise not eligible for coverage." (*Id*. at Exhibit A.)

## B.  Kroger Partially Complied with CID 22-522, but Refused to Produce Unredacted Patient Information

After the United States served Kroger with CID 22-522, Kroger engaged in a series of productions of documents and proffered responses and objections to interrogatories in CID 22-522. Kroger's productions redated non-privileged responsive patient information documents, including, for example, the names of customers in drug dispensing data, internal communications, and internal reports.[1]

On April 11, 2024, counsel for Kroger produced two separate privilege logs to the United States: (1) a privilege log which contained entries for documents produced with redactions for privilege or responsive patient information, including protected health information ("PHI") and personally identifiable information ("PII"); and (2) a privilege log for documents that were withheld as fully privileged. (*Id.* at ¶4.) The first privilege log detailed hundreds of documents responsive to CID 22-522 for which Kroger redacted non-privileged, responsive patient information.

Because the redacted information was necessary to its investigation into whether Kroger had submitted false claims for opioids and other controlled substances improperly dispensed to federal healthcare beneficiaries, the United States subsequently requested the reproduction of Kroger documents without redactions for responsive patient information. (*Id.* at ¶5.) Counsel for Kroger responded that Kroger would not be reproducing documents with unredacted PHI

---

[1] Should the Court find it helpful, the United States is prepared to provide the Court with an example document to illustrate the extent of Kroger's redactions. The United States is also prepared to provide the Court with a copy of Kroger's privilege log regarding the redacted responsive documents.

3

information because Kroger generally declines to produce any PHI absent a court order requiring it to do so. (*Id.*) Kroger's counsel further indicated that its refusal to reproduce the documents was due to Kroger's alleged exposure to liability in the event of an accidental transmission or data breach. Kroger's counsel did not cite any authority substantiating its position. (*Id.*)

On July 17, 2024, the United States responded to Kroger's counsel explaining that, among other authorities, 45 C.F.R. § 164.512(d) expressly permits disclosure of PHI to government officials acting in a health oversight capacity. The United States also requested further explanation of—and the legal basis for—Kroger's position. (*Id.* at ¶6.) In response, Counsel for Kroger reiterated by letter that Kroger would not produce unredacted patient information "absent a court order," and indicated that Kroger would not "strongly oppose" a motion by the United States regarding the production of unredacted responsive patient information. (*Id.* at ¶7.)

On September 3, 2024, the United States sent a letter to Kroger's counsel addressing this position and indicating that the United States would apprise Kroger if it chose to move forward with enforcement of the CID. (*Id.* at ¶8.) Consistent with that letter, on July 29, 2025, the United States informed Kroger's counsel that it would seek to enforce the CID absent the production of unredacted documents containing responsive patient information or a substantive response from Kroger. (*Id.* at ¶9.) Following that communication, Kroger has not produced, or indicated it will produce, responsive patient information. Moreover, Kroger's counsel confirmed that Kroger's position applies equally to de-identified drug dispensing data.

4

### C. Kroger Has Failed to Fully Comply with CID 22-522

To date, Kroger has failed to produce the unredacted, non-privileged documents containing responsive patient information. Nor has Kroger petitioned to modify or set aside the CID.

## ARGUMENT

### I. The Standard for CID Enforcement Under the FCA

The FCA "is the government's primary litigation tool for recovering losses sustained as the result of fraud." *United States ex rel. Marcy v. Rowan Cos.*, 520 F. 3d 384, 388 (5th Cir. 2008) (*citing Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989)). Under the FCA, a CID may be issued to "any person" "[w]henever the Attorney General, or a designee . . ., has reason to believe that [the] person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation . . . ." 31 U.S.C. § 3733(a)(1). The FCA empowers the Department of Justice (DOJ) to issue such CID "before commencing a civil proceeding under [FCA] section 3730(a) or other false claims law, or making an election under [FCA] section 3730(b)." *Id.* By enacting the statutory authority for CIDs under the FCA, Congress sought to enable DOJ "to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily." *United States v. Witmer*, 835 F. Supp. 208, 211 (M.D. Pa. 1993) (quoting H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

5

Courts treat a CID issued by DOJ under the FCA as an administrative subpoena and apply the standard for enforcing an administrative subpoena to requests to enforce a CID. *See United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). While the United States' "authority to request records and undertake other investigatory functions is extremely broad," *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43 (1950)), "a district court plays only a limited role in the enforcement of an administrative subpoena." *Su v. DRR Roofing, LLC*, 2024 WL 3412695, at *1 (S.D. Ohio July 15, 2024) (quoting *Doe v. United States*, 253 F.3d 256, 262 (6th Cir. 2001)).

Indeed, "[a]ll the district court must do in deciding whether to enforce an administrative subpoena is 1) determine whether the administrative agency to which Congress has granted the subpoena power…has satisfied the statutory prerequisites to issuing and enforcing the subpoena, and 2) determine whether the agency has satisfied the judicially created standards for enforcing administrative subpoenas." *Id.* (quoting *Doe*, 253 F.3d at 262).

## II. Enforcement of CID 22-522 Is Appropriate

### A. DOJ Issued CID 22-522 Within Its FCA Authority

The FCA provides civil remedies to the Government against "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). Here, among other things, the United States seeks to ascertain whether Kroger caused the submission of false or

6

fraudulent claims to federal healthcare programs in violation of the FCA. The FCA expressly authorizes DOJ to issue CIDs to investigate potential FCA violations. 31 U.S.C. § 3733(a)(1). A designee of the Attorney General properly issued CID 22-522 during an FCA investigation, and CID 22-522 complies with all requirements of CIDs.

### B. CID 22-522 Seeks Information Relevant to the United States' FCA Investigation

"For purposes of an administrative subpoena, the notion of relevancy is a broad one." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989). An agency "can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt*, 338 U.S. at 642. "So long as the material requested 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend*, 878 F.2d at 882 (quoting *EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982)). "Relevancy is determined in terms of the investigation rather than in terms of evidentiary relevance," and "[t]he relevance requirement is 'not especially constraining.'" *United States v. Golden Valley*, 689 F.3d 1108, 1113 (9th Cir. 2012) (quoting *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 854 (9th Cir. 2009)).

Here, the United States is investigating whether Kroger dispensed unlawful prescriptions for controlled substances, including highly addictive opioids and dangerous combinations of opioids and other controlled substances, and billed federal healthcare programs for those prescriptions in violation of the FCA and

7

Controlled Substances Act. Part of this investigation necessarily involves, for example, the production and review of prescription data for individuals utilizing Kroger pharmacies, which contains responsive patient information. Here, however, Kroger produced de-identified data without patient names. This patient information is relevant to the United States' investigation of Kroger and necessary to evaluate Kroger's potential liability.

Specifically, Kroger's dispensing data may indicate whether Kroger obtained information from health care providers about a patient's condition; without the responsive patient information, the United States is unable to evaluate that information or connect it to claims for prescriptions submitted to federal healthcare programs for a specific patient or to cross-reference the patient information to what is found in Kroger's internal documents, which it redacted. Similarly, if Kroger determined that a pharmacist had improperly dispensed opioids for a federal healthcare beneficiary, the United States would be unable to identify the beneficiary without the responsive patient information.

For redacted communications and attachments, Kroger's redaction of responsive patient information in communications and exhibits also undermines or forestalls the United States' ability to understand these documents in the context they were prepared or sent, determine whether documents refer to common individuals, or evaluate the documents in the context of dispensing or claims data.

Moreover, Kroger's apparent objection to the production of unredacted PHI is untenable. The United States has attempted, over many months, to resolve this

8

dispute without seeking court intervention. In that time, Kroger has not identified any authority suggesting that the United States is not entitled to the unredacted documents, nor has it responded to the authorities cited by the government. The United States is acting in a health oversight capacity, and Kroger is thus permitted to disclose PHI to the United States under 45 C.F.R. § 164.512(d). The United States is also directly authorized to received PHI in dispensing data under 45 C.F.R. § 164.512(f)(1)(ii)(C), which permits disclosure of PHI to the United States for law enforcement purposes. Nothing in the Health Insurance Portability and Accountability Act of 1996 or the Privacy Rule promulgated by the Department of Health and Human Services prohibits the release of patient medical records sought by a CID. *Cleveland Clinic Found. v. United States*, No. 1:11MC14, 2011 WL 862027, at *2 (N.D. Ohio Mar. 9, 2011) (recognizing "that the patient medical records sought in the CIDs can be furnished to the United States Department of Justice in its capacity as a "health oversight agency" in furtherance of its "health oversight activities" pursuant to 45 C.F.R. § 164.512(d)") (citations omitted).

### III.  Summary Enforcement of CID 22-522 is Appropriate

The United States served Kroger with CID 22-522 over two years ago. Despite Kroger's partial compliance with the CID, it has steadfastly refused to produce the unredacted documents containing responsive patient information. Kroger's position is not grounded in any legal authority, but instead a vague company policy. Kroger's refusal to comply with CID 22-522 undermines the United States' "legitimate right" to ascertain whether the actions of the company were

9

"consistent with the law." *Morton Salt*, 338 U.S. at 652. The United States has an "important governmental interest in the expeditious investigation of possible unlawful activity," *Markwood*, 48 F.3d at 979, and Kroger is not entitled to frustrate the United States' lawful investigation.

Pursuant to the FCA, Kroger has refused to respond to CID 22-522, 31 U.S.C. § 3733(j)(1), and has not petitioned to modify or set aside the CID petition to modify or set aside the CID, *id.* § 3733(j)(2)(A)(i). Therefore, summary enforcement of CID 22-522 is appropriate.

## CONCLUSION

For the above reasons, the United States respectfully requests that the Court grant its petition and order Kroger to comply with CID 22-522 by producing all non-privileged documents previously withheld, de-identified, or redacted because they contained responsive patient information, including PHI or PII, within seven days or such other deadline as set by the Court.

(Signature on following page)

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DOMINICK S. GERACE II
United States Attorney

s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (Ohio No. 0082381)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Matthew.Horwitz@usdoj.gov

W. HUNTER WEST (Ohio No. 0093445)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2769
Hunter.West@usdoj.gov

Jamie A. Yavelberg
Natalie A. Waites
Christopher G. Wilson (Ohio No. 0092705)
Attorneys,
Civil Division, U.S. Department of Justice
P.O. Box 261
Washington, D.C. 20044
(614) 255-1630
Fax: (614) 469-2769
Christopher.G.Wilson@usdoj.gov